IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISMAEL FELIX ROSARIO, | : | No. 3:24cv2255 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| SUPERINTENDENT SALAMON, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Ismael Rosario ("Rosario"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Superintendent Salamon and Lieutenant Wooster, who are employed at the State Correctional Institution at Rockview ("SCI-Rockview"), where Rosario was previously confined. (Id.).

Before the court is defendants' motion for judgment on the pleadings. (Doc. 18). Rosario failed to respond to the motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for

---

[1] Rosario was directed to file a brief in opposition to defendants' motion and was admonished that failure to file an opposition brief would result in the motion being deemed unopposed. (Docs. 25, 30) (citing LOCAL RULE OF COURT 7.6).

resolution. For the reasons that follow, the motion will be granted, and Rosario will be afforded the opportunity to file an amended complaint.

I. **Allegations of the Complaint**

Rosario alleges that, on April 17, 2024, he was placed in the Restricted Housing Unit ("RHU") at SCI-Rockview pending an investigation regarding a threat to his life. (Doc. 1, at 4). The investigation concluded on May 16, 2024, and Rosario was informed that there were "verified threats of there being a price on [his] life to either have [him] hurt or killed." (Id.). As a result, Rosario remained in the RHU at SCI-Rockview until he was transferred to a different facility. (Id.). However, Rosario alleges that, despite these "threats," he was never single-celled but instead had "multiple different inmates" while in the RHU at SCI-Rockview. (Id.). On June 10, 2024, one of Rosario's cellmates allegedly assaulted him and he sustained injuries to his face. (Id.).

Rosario sets forth an Eighth Amendment claim against the defendants based on their alleged failure to protect him from danger presented by another inmate and a Fourteenth Amendment equal protection claim. (Id. at 4-5).

2

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion" to dismiss. Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010). The only significant difference between a Rule 12(c) motion and a Rule 12(b)(6) motion is that, on a motion for judgment on the pleadings, the court reviews not only the complaint but also the answer and written instruments attached to the pleadings. See 2 James Wm. Moore et al., Moore's Federal Practice Civil § 12.38 (Matthew Bender 3d ed. 2013).

Accordingly, in assessing such a motion, "the court must 'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party' and may not grant the motion 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 195 (3d Cir. 2019)

(quoting In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.6 (3d Cir. 2016)). If the facts alleged raise a right to relief above the speculative level, then the claim is plausible on its face and will survive a motion for judgment on the pleadings. See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). In deciding motions for judgment on the pleadings, the court considers "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Wolfington, 935 F.3d at 195 (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).

    B.    Section 1983 Standard

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a

4

plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

### III. Discussion

#### A. Eighth Amendment Failure to Protect Claim

"[T]he Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials 'a duty to protect prisoners from violence at the hands of other prisoners.'" Bistrian v. Levi, 696 F.3d 352, 366 (3d Cir. 2012), abrogated on other grounds by Mack v. Yost, 968 F.3d 311 (3d Cir. 2020) (quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994)). However, not "every injury suffered by one prisoner at the hands of another…translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. To state a viable failure-to-protect claim under the Eighth Amendment, a plaintiff must plead facts to support that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was deliberately indifferent to that substantial risk; and (3) the defendant's deliberate indifference caused the plaintiff to suffer harm. Bistrian, 696 F.3d at 367. The standard for deliberate indifference is subjective; thus, "the prison official—defendant must actually have

known or been aware of the excessive risk to inmate safety." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001). The facts alleged in Rosario's complaint do not satisfy this standard.

Rosario has not sufficiently alleged a failure to protect claim against the defendants. The complaint does not allege that the defendants were aware of any acts of violence or that they had prior knowledge of any threats of violence against Rosario. (See Doc. 1, at 4). In fact, Rosario does not assert that he had any communication with the defendants about his personal safety. Nor does he identify the inmate that allegedly assaulted him or indicate that the assault was the product of "longstanding, pervasive, well-documented, or previously noted tensions between" Rosario and the other inmate. Blackstone v. Thompson, 568 F. App'x 82, 84 (3d Cir. 2014). Moreover, nothing in the complaint supports a reasonable inference that defendants were aware of, and deliberately indifferent to, "any specific incident or cause of tension between the cellmates from which a greater inference of risk could be drawn." Id.

Rosario also failed to allege any facts suggesting that the defendants were personally involved in the alleged wrongful conduct. (See Doc. 1, at 4). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on

the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs…Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208. Rosario failed to set forth any allegations that the defendants were actually aware of the risk of assault. Other than naming Superintendent Salamon and Lieutenant Wooster as defendants, the complaint does not set forth a single allegation against them. (See Doc. 1).

To the extent that the defendants are sued based on their supervisory roles as Superintendent and Lieutenant, this claim fails. Any attempt by Rosario to hold the defendants liable for the actions of their subordinates is essentially an

assertion of respondeat superior liability which seeks to hold these defendants liable based on their supervisory roles. This ground of constitutional liability has been routinely rejected by the courts. See Rode, 845 F.2d at 1207.

Consequently, the court will grant defendants' motion for judgment on the pleadings on Rosario's Eighth Amendment failure to protect claim, with leave to amend.

### B. Fourteenth Amendment Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment states that no state may "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "[T]o bring a successful equal protection claim, plaintiffs 'must demonstrate that they received different treatment from that received by other individuals similarly situated.'" Children's Health Defense, Inc. v. Rutgers, the State Univ. of N.J., 93 F.4th 66, 84 (3d Cir. 2024) (quoting Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009)). At the pleading stage, a plaintiff must make nonconclusory allegations that he and the similarly situated individuals who were allegedly

treated differently from him are "alike 'in all relevant respects.'" Id. (quoting Harvard v. Cesnalis, 973 F.3d 190, 205 (3d Cir. 2020)).

Defendants argue that they are entitled to judgment on the pleadings with respect to Rosario's equal protection claim because Rosario failed to allege that he was treated differently from any similarly situated individuals. (Doc. 19, 4-5). The court agrees. There are simply no allegations in the complaint that Rosario was treated differently from any similarly situated individuals. (See Doc. 1). Other than a one-line reference to the equal protection clause (id. at 5), the complaint is devoid of any allegations to establish that any other inmates, who were treated differently from him, were "alike in all relevant respects" to Rosario. Children's Health Defense, Inc., 93 F.4th at 84. Accordingly, Rosario has failed to allege the existence of similarly situated individuals, and the court will grant defendants' motion for judgment on the pleadings on the equal protection claim, with leave to amend.

## IV. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the court should permit a curative amendment unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Because Rosario may

be able to allege facts sufficient to cure the pleading deficiencies identified in this memorandum, his Eighth Amendment failure to protect and Fourteenth Amendment equal protection claims will be dismissed without prejudice and with leave to amend.[2]

## V.  Conclusion

Consistent with the foregoing, the court will grant defendants' motion (Doc. 18) for judgment on the pleadings and will grant Rosario leave to amend. Within

---

[2] The court notes that Rosario previously filed an "amended complaint." (Doc. 16). This amended complaint will be stricken because Rosario failed to comply with the requirements of Federal Rule of Civil Procedure 15 before filing his amended complaint.

Decisions regarding motions to amend pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of discretion. See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267 (3d Cir. 2001). That discretion, however, is governed by the principles in Rule 15, which provides in part as follows:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), of (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

FED. R. CIV. P. 15(a).

Here, Rosario did not seek leave of court or defendants' consent before filing his amended complaint, and he did not file the amended complaint within the 21-day period following service of the complaint or filing of the answer, as required by the Rule. Therefore, under Rule 15(a)(1) and (2), the amended complaint (Doc. 16) is unauthorized and improper.

10

21 days of the date of the accompanying order, Rosario may file an amended complaint with respect to his Eighth Amendment failure to protect claim and Fourteenth Amendment equal protection claim. If Rosario fails to file an amended complaint within this time, this action will be dismissed.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    October 30, 2025